UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID FROST,

                Plaintiff,

-against-

LENTEX COMPANY, LLC and EMILY FALENCKI, *individually*,

                Defendants.
------------------------------------------------------------X

Case No.: 7:20-cv-05313

**AFFIRMATION OF COUNSEL IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

David R. Wise, Esq., declares, subject to the penalties of perjury, that the following is true and correct to his knowledge:

1. I am an attorney duly admitted to practice in the Courts of the State of New York and in the United States District Court for the Southern District of New York.

2. I am a member of Mackey Butts & Wise, LLP, attorneys for the Defendants, and I am fully familiar with the facts and circumstances of this matter, as well as the proceedings had in this Court.

3. I respectfully submit this Affirmation in opposition to Plaintiff's motion for leave to amend or supplement the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

4. As sited in Plaintiff's motion papers, a motion to amend under Rule 15 can be denied if the proposed amendment would be futile. *See, e.g., Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 297 (E.D.N.Y. 2012). It is asserted that based on the circumstances existing in this case, Plaintiff's proffered amendment on the basis of retaliation would in fact be futile.

5. The elements for proving retaliation under the Fair Labor Standards Act ("FLSA") are:

    a. The Plaintiff must have engaged in statutorily protected conduct under the FLSA;

      b. The Plaintiff must have suffered some adverse action;

      c. There must be a causal link between the Plaintiff's conduct and the adverse action.

*Brock v. Casey Truck Sales,* 839 F.2d 872, 876 (2d Cir. 1988).

In order to prevail in an FLSA retaliation claim, the Plaintiff's protected activity must have been the "but-for" cause of the challenged adverse action. *See, e.g., Carney v. Town of Wareham,* 316 F.3d 18, 24 (1st Cir. 2002); *Goldberg v. Bama Manufacturing Corp.,* 302 F.2d 152, 154 (5th Cir. 1962); *Martin v. Gingerbread House, Inc.,* 977 F.2d 1405, 1408 n.4 (10th Cir. 1992); and *Reich v. Davis,* 50 F.3d 962, 966 (11th Cir. 1995).

    6. The elements and standards for proving retaliation for asserting a wage claim under the New York Labor Law ("NYLL") are similar to those under the FLSA. *See Mullins v. City of New York,* 626 F.3d 47, 53 (2d Cir. 2010); *Salazar v. Brown Realty Assocs., L.L.C.,* 796, F.Supp.2d 378, 384 (E.D.N.Y. 2011) (noting that the standards for stating a retaliation claim under the FLSA and NYLL "significantly overlap" and require the same three elements).

    7. On May 9, 2019, Defendant Lentex Company, LLC ("Lentex") sent an email to Plaintiff informing him of its decision to evict him, unless he purchased or paid rent for the Lentex residence in which he was residing. A copy of that email is attached as Exhibit A.

    8. Soon after issuing that email, Lentex was contacted by counsel for Plaintiff with respect to this action and another action ultimately commenced in the Supreme Court for the State of New York, Dutchess County. Pre-litigation conversations were had between counsel for the Parties with respect to possible resolution of the issues between the Parties. As no resolution was reached, the two referenced litigations were commenced. Being fully aware that this Court would direct the Parties to mediation, Lentex did not take any action with respect to its May 9, 2019 decision to evict Plaintiff with the hope of

reaching a resolution at mediation. After the mediation held on October 28, 2020, proved unsuccessful, in December 2020, additional efforts were made to resolve the issues between the Parties through conversations with Plaintiff's counsel in the New York State action, who is not the same counsel representing Plaintiff in the action pending before this Court. Those efforts proved unsuccessful.

9. While Lentex delayed implementation of its May 9, 2019 decision pending its good faith efforts to reach a settlement with Plaintiff, it never retracted such decision to evict Plaintiff, unless he paid rent or purchased the residence. Plaintiff has not paid any such rent or purchased the residence. Thus, after Lentex's good faith efforts to reach resolution proved unsuccessful, it implemented its May 9, 2019 decision to evict Plaintiff by serving the eviction notice that is the basis for Plaintiff's present motion.

10. Plaintiff's proposed amendment would be futile because there cannot be any but-for causal link between his FLSA and New York Labor Law allegations herein and Lentex's decision to evict Plaintiff due to the fact that such decision was made and communicated to Plaintiff *well-before* he ever communicated to Lentex his FLSA and New York Labor Law allegations. Specifically, Lentex's decision to evict Plaintiff was uncontrovertibly made and communicated to Plaintiff on May 9, 2019, and the first time Plaintiff ever raised his FLSA and New York Labor Law allegations was over two and a half months later in his counsel's July 24, 2019 letter to Lentex, a copy of which is attached hereto as Exhibit B. In fact, under the circumstances, it appears that Plaintiff's FLSA and New York Labor Law allegations were in retaliation for Lentex's decision to evict Plaintiff, not *vice versa*.

11. Any argument by Plaintiff that the December 2020 eviction notice is somehow not a continuation of Lentex's May 9, 2019 decision to evict Plaintiff due to the passage of time between the two events is unfounded and belied by the facts. As shown above, any delay in implementing Plaintiff's decision to evict Plaintiff was to give the Parties' good faith settlement efforts a chance to be successful.

Indeed, Lentex was fully aware that this Court would direct mandatory mediation in an effort to resolve the case and that any prior eviction would vitiate any chance of success in such mediation. Allowing the assertion of a retaliation claim under these circumstances would penalize the Defendants for abiding by and respecting the Court's mediation process.

12. As an additional consideration, in order to assert a claim for retaliation under the FLSA and the NYLL, a Plaintiff must "have 'a good-faith, reasonable belief' that the underlying challenged actions of the employer violated the law". *Velazquez v. Yoh Services, LLC*, 803 Fed.Appx. 515, 517 (2d Cir. 2020), *citing Manoharan v. Columbia University College of Physicians & Surgeons*, 842 F.2d 590, 593-94 (2d Cir. 1998). More than eight years ago, on December 31, 2012, by email to Adrienne Catalano, an employee of Lentex, Mr. Frost wrote, "I have not done anything yet with NYSEG, I tried to change the address in the past but was not able to *as I was not an employee of Lentex* . . .. [A]ll of my compensation stopped as of May 2012" (emphasis added). A copy of Plaintiff's December 31, 2012, email is attached as Exhibit C. By directly acknowledging to Lentex that he was not its employee, Plaintiff cannot have a legitimate, good faith basis for now making FLSA and NYLL claims for wages. Following the unequivocal representation of not being a Lentex employee in his December 31, 2012, email, Plaintiff never made any claim or assertion for having been a Lentex employee until the assertion by his counsel in the July 24, 2019, correspondence (Exhibit B), which post-dated Lentex's initial demand that he vacate the residence.

*[This space intentionally left blank]*

13. Based on the forgoing, it is respectfully asserted that Plaintiff's motion to amend the Complaint should be denied on the grounds that such amendment would be futile.

DATED: Poughkeepsie, New York
January 13, 2021

Respectfully submitted,

MACKEY BUTTS & WISE, LLP

By: _____
DAVID R. WISE (DW 3016)
319 Mill Street
Poughkeepsie, NY 12601
T: (845) 452-4000
F: (845) 454-4966
E: dwise@mbwise.com
*Attorneys for Defendants*

TO: Casey Wolnowski, Esq.
Nisar Law Group, P.C.
*Attorneys for Plaintiff*
One Grand Central Place
60 East 42nd St., Ste. 4600
New York, NY 10165
P: (646) 449-7210
F: (516) 604-0157
E: cwolnowski@nisarlaw.com