UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DAVID FROST,  :
                      Plaintiff,  :
                                       :    **MEMORANDUM OPINION**
v.  :    **AND ORDER**
                                       :
LENTEX COMPANY, LLC, and EMILY  :    20 CV 5313 (VB)
FALENCKI,  :
                     Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff brings this action against defendants Lentex Company, LLC ("Lentex"), and Emily Falencki, alleging (i) violations of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") for failure to pay minimum wage and overtime, and (ii) breach of contract for failure to reimburse plaintiff for employment-related expenses.

      Now pending is plaintiff's motion for leave to amend or supplement the complaint pursuant to Rule 15. (Doc. #31).

      For the following reasons, the motion is GRANTED. Plaintiff shall file an amended complaint in accordance with the instructions below.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

I.    The Original Complaint

      Plaintiff alleges that in or around 1987, he began working as the estate caretaker of Lentex's farm in Patterson, New York. Plaintiff claims that when he began working as the estate caretaker, William and Karin Falencki owned and operated Lentex and supervised plaintiff's work. Plaintiff further claims that in 2010, the Falenckis' granddaughter, defendant Emily

1

Falencki, inherited a controlling interest in Lentex and assumed responsibility as plaintiff's new direct supervisor.

Plaintiff alleges that in mid-2011, defendants were compensating plaintiff with an annual salary of $40,000, use of the caretaker's residence, a pickup truck to use on the job, utilities associated with the use of the caretaker's residence and truck, family health insurance, and reimbursements for all out-of-pocket business expenses. Plaintiff further alleges Emily Falencki told him that, as a result of Karin Falencki's ongoing probate process, defendants would temporarily suspend paying plaintiff his wages, health insurance, and residence utilities. He also claims defendants asked him to work "in the same position with all the same duties" with the assurance they would reimburse suspended payments and resume payments once the probate process concluded. (Doc. #1 ("Compl.") ¶ 30). Plaintiff says he agreed to defendants' request.

According to plaintiff, although he continued to work for the defendants as agreed in 2011, defendants neither reimbursed him for any of the expenses incurred from the time defendants ceased payments, nor resumed paying him for his continued employment.

Plaintiff commenced this action on July 10, 2020. The parties attended a court-ordered mediation on October 28, 2020, but were unable to resolve any issue in the case.

II.     The Proposed Amendment

On December 30, 2020, plaintiff moved for leave to amend or supplement his complaint to include a claim for retaliation by defendants in response to the filing of his original complaint. Although plaintiff has not provided a proposed amended complaint with his motion, plaintiff's counsel proffered the following allegations of retaliation: (i) on December 29, 2020, defendants served plaintiff with a 90-day eviction notice from the caretaker's residence, and (ii) on December 30, 2020, after plaintiff filed the instant motion that same day, defense counsel sent

plaintiff's counsel a letter "demanding Plaintiff to 'immediately cease and desist from providing any further services to'" Lentex, effectively terminating plaintiff's employment.  (Doc. #36 at 4 n.1).

## DISCUSSION

I.     Leave to Amend or Supplement

Rule 15(a)(2) provides the Court should "freely give leave" to amend a complaint "when justice so requires."  Rule 15(d) provides the Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  The analysis for a motion to amend and a motion to supplement is the same.  See M.V.B. Collision, Inc. v. Allstate Ins. Co., 728 F. Supp. 2d 205, 222 (E.D.N.Y. 2010).

The Supreme Court has stated that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962).[1]  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

With respect to futility, "[a]n amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  Santos v. E T & K Foods,

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

Inc., 2017 WL 9256490, at *2 (E.D.N.Y. June 27, 2017).  To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.     Futility

Defendants argue leave to amend would be futile because plaintiff as not alleged a causal connection between the filing of this lawsuit in July 2020 and the alleged retaliatory actions.

The Court disagrees.

The FLSA anti-retaliation provision makes it "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]."  29 U.S.C. § 215(a)(3).  Similarly, the NYLL provides that an employer shall not "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee . . . because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter." N.Y. Lab. Law § 215(1)(a)(iii).

To state a retaliation claim under the FLSA, a plaintiff "must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Id.

4

Because "the standards for stating a claim for retaliation under the FLSA and the NYLL significantly overlap, the Court will analyze the claims together."  Watkins v. First Student, Inc., 2018 WL 1135480, at *9 n.14 (S.D.N.Y. Feb. 28, 2018).

With respect to the second element, "[a]n employment action disadvantages an employee if it well might have dissuaded a reasonable worker from making or supporting similar charges." Mullins v. City of New York, 626 F.3d at 53 (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)).

With respect to the third element, "a causal connection between an adverse action and a plaintiff's protected activity may be established through evidence of retaliatory animus directed against a plaintiff by the defendant, or by showing that the protected activity was closely followed in time by the adverse action."  Mullins v. City of New York, 626 F.3d at 53.  "The Second Circuit has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of protected activity and an allegedly retaliatory act."  Romero v. Bestcare, Inc., 2018 WL 1702001, at *6 (E.D.N.Y. Feb. 28, 2018), report and recommendation adopted, 2018 WL 1701948 (E.D.N.Y. Mar. 31, 2018).

Here, based on the allegations proffered by plaintiff's attorney, amendment would not be futile.

Plaintiff's counsel proffered facts that, if alleged in an amended complaint, would give rise to the inference of a causal connection between plaintiff's filing of this lawsuit and defendants' service of the notice of eviction and letter instructing plaintiff to cease providing services to Lentex.  Plaintiff's attorney states in his reply declaration that on December 29, 2020, approximately five and a half months after plaintiff filed this case on July 10, 2020, defendants

sent plaintiff a 90-day notice of eviction.[2]  Moreover, plaintiff's attorney states that on December 30, 2020, the same day plaintiff filed the instant motion, defense counsel sent plaintiff's counsel a letter that effectively terminated plaintiff's employment.  In addition, defendants took these actions two months after the parties engaged in an unsuccessful mediation on October 28, 2020.  Such "sequence, timing and nature of events only reinforces the connection."  Mullins v. City of New York, 626 F.3d at 54.

Defendants argue the proposed amendment is futile because Lentex previously sent plaintiff an email on May 9, 2019, that purportedly "inform[ed] [plaintiff] of its decision to evict him" prior to commencement of this lawsuit.  (Doc. #35 ("Opp.") ¶ 7).  This does not alter the Court's conclusion.  On a motion for leave to amend, the Court "must accept the facts in the proposed amended complaint as true and cannot look to information outside the four corners of the pleading."  Quintanilla v. Suffolk Paving Corp., 2012 WL 4086805, at *6 (E.D.N.Y. Sept. 17, 2012).

Accordingly, based on the allegations proffered by plaintiff's attorney, amendment would not be futile.

III.    Bad Faith and Prejudice

To the extent defendants argue plaintiff did not believe he remained an employee of defendants as of December 2012 and so now proposes the instant amendment—and even brings this action—in bad faith, the Court is not persuaded.  In support of this argument, defendants point to a December 31, 2012, email from plaintiff to a Lentex employee in which plaintiff purportedly wrote, "I was not an employee of Lentex."  (Opp. ¶ 12).  As noted above, the Court

---

[2]     Defendants do not dispute that service of the 90-day notice of eviction was an adverse action under the FLSA or NYLL.

cannot consider this email in deciding the instant motion. Instead, the Court must accept the proffered allegations and the allegations in the complaint as true and construe them in the light most favorable to plaintiff. See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005). Under this standard, plaintiff has plausibly alleged defendants employed him.

Finally, defendants point to no prejudice they would suffer—nor has the Court identified any—if amendment were permitted. Although amendment may delay the ultimate resolution of this case, defendants were on notice of this new claim early in the discovery process. Discovery has already been extended once, in part because, as defendants noted, decision on the instant motion "will affect the scope of the parties' discovery." (Doc. #39). Furthermore, the time to complete discovery is currently extended sine die pending resolution of a discovery dispute, and plaintiff's deposition has not yet been taken. Under these circumstances, leave to amend would not unduly prejudice defendants.

## CONCLUSION

The motion for leave to amend or supplement the complaint is GRANTED.

Plaintiff is granted leave to file an amended complaint to add a retaliation claim based on (i) the notice of eviction plaintiff received on December 29, 2020, and (ii) the December 30, 2020, letter directing plaintiff to cease providing services to defendant. To be clear, plaintiff shall not file an amended complaint containing additional or novel allegations pertaining to previously-asserted claims.

Plaintiff shall file the amended complaint by May 7, 2021, and defendants shall file an answer thereto by May 21, 2021.

If upon review, the Court finds the amended complaint does not comply with the instructions herein, the Court may vacate this decision, and the original complaint will once again act as the operative complaint in this action.

The Clerk is instructed to terminate the motion.  (Doc. #31).

Dated: April 29, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge