UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DAVID FROST,                                          :
                Plaintiff,                   :
                                          :   **MEMORANDUM OPINION**
       v.                                             :   **AND ORDER**
                                          :
LENTEX COMPANY, LLC; and                      :   20 CV 5313 (VB)
EMILY FALENCKI,                                      :
                Defendants.                 :
--------------------------------------------------------------x

Briccetti, J.:

      Before the Court is defendants' motion for reconsideration (Doc. #118) of the Court's

Opinion and Order dated December 27, 2022 (Doc. #117 ("Opinion")), in which the Court

denied defendants' motion for summary judgment on plaintiff's minimum wage, overtime wage,

breach of contract, and retaliation claims.

      For the reasons set forth below, the motion for reconsideration is DENIED.

      The parties' familiarity with the factual and procedural background of this case is

presumed.

**DISCUSSION**

I.   Legal Standard

      "To prevail on a motion for reconsideration, the movant must demonstrate 'an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F.

Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782,

789 (2d Cir. 1983)).[1]  Such a motion should be granted only when the Court has overlooked facts

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotations,
footnotes, and alterations.

or precedent that might have altered the conclusion reached in the earlier decision.  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also S.D.N.Y. Local Civ. R. 6.3.  The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."  Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000).  Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court."  Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (citing Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)).  This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

II.   Application

Defendants argue they are entitled to reconsideration on plaintiff's:  (i) minimum wage and overtime wage claims because the Court overlooked that plaintiff ceased farming in 2017, and therefore could not have worked more than forty hours per week within the statute of limitations period; (ii) breach of contract claim because the Court overlooked that "for purposes of Defendants' statute of limitations argument only, Defendants assumed arguendo as true the terms of the" parties' oral agreement (the "Oral Agreement") as alleged by plaintiff; and (iii) retaliation claims because the Court overlooked Supreme Court and other precedent prohibiting a finding of causation based on temporal proximity in these circumstances.  (Doc. #119 ("Defs. Reconsideration Mem.") at 2).

2

The Court is not persuaded.

A.   Minimum Wage and Overtime Wage Claims

Defendants assert the Court "erroneously determined that a material question of fact exists as to the number of hours Frost worked per week" by "overlook[ing] the undisputed fact that Frost stopped all farming of Lentex's property at the latest on February 15, 2017," which "is highly significant because the statute of limitations for FLSA claims is at most 3 years."  (Defs. Reconsideration Mem. at 3).

Although it is true the Court did not limit its analysis to the FLSA statute of limitations lookback period in determining that a question of fact exists as to the number of hours plaintiff worked, in light of the other factual issues relevant to plaintiff's minimum and overtime wage claims, which also preclude summary judgment, plaintiff has not demonstrated the need to correct a clear error or prevent manifest injustice.

First, the Court denied summary judgment because it concluded there were genuine disputes of material fact as to the number of hours plaintiff worked.  Even excluding plaintiff's farming after February 2017, and although doing so makes it unlikely that he worked more than forty hours during the relevant period under the FLSA, additional genuine factual disputes remain which preclude summary judgment.

For example, plaintiff is correct that there is an additional genuine issue of material fact as to whether defendants complied with the requirements for a lodging wage credit under the FLSA.  The FLSA permits employers to include in wages, "the reasonable cost . . . to the employer of furnishing such employee with board, lodging, or other facilities."  29 U.S.C. § 203(m)(1).  Employers who claim such a credit "shall maintain and preserve records."  29 C.F.R. § 516.27(a).  And U.S. Department of Labor ("DOL") "regulations require an employer claiming

3

the § 203(m) wage credit for lodging to keep two kinds of records:  (1) records regarding the cost to the employer of providing the housing and (2) records regarding wage calculations taking lodging into account."  See Balbed v. Eden Park Guest House, LLC, 881 F.3d 285, 290 (4th Cir. 2018) (citing 29 C.F.R. § 516.27(a)(1), (b)).

Here, defendants attempted to rely on evidence of contemporaneous property tax records to substantiate the value of plaintiff's lodging.  Although the Court declined to consider these records in the Opinion, it agrees they may be appropriate proof of the costs defendants incurred to provide plaintiff with lodging.  However, defendants have proffered no evidence of the second requisite proof under the FLSA—records regarding wage calculations taking lodging into account—which is a factor to consider in determining if plaintiff's lodging was adequate compensation for his services rendered.  Although defendants' seeming failure to keep such records "does not mandate denial of deductions," see Archie v. Grand Cent. P'ship, Inc., 86 F. Supp. 2d 262, 266 (S.D.N.Y. 2000), whether or not defendants kept such records is relevant to the factual issues underlying these claims.

Further, Section 193 the New York Labor Law ("NYLL") explicitly states employers may only make deductions from wages that are "expressly authorized in writing by the employee" and "only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made."  The parties appear to now disagree regarding whether plaintiff's lodging compensation is properly considered a credit or a deduction under the NYLL.  (See Doc. #123 ("Defs. Reconsideration Reply") at 4–5).  And, although the parties agree there was an Oral Agreement, no evidence has been proffered demonstrating plaintiff authorized a lodging credit or

4

deduction in writing.  Accordingly, these are relevant factual issues to be considered by a factfinder.

Second, the Court notes defendants did not raise the specific issue of plaintiff's cessation of farming in 2017 in their moving brief in support of summary judgment; rather, they raised it only in their reply brief in two conclusory sentences.  Defendants' moving brief asserted, among other arguments, that plaintiff received more than minimum wage and did not work over forty hours per week.  However, it was not until their reply brief that defendants explicitly argued, "Frost ceased farming Lentex's land as of February 15, 2017 (Goldberg Reply Decl. Exs. E and F), which is prior to both the applicable two-year and even three-year FLSA limitations periods." (Doc. #106 ("Defs. Reply") at 9).  And defendants never sought "partial summary judgment" on the NYLL claims until the instant motion for reconsideration, which is improper.  (Defs. Reconsideration Mem. at 4).

Courts are not required to consider arguments newly raised in a reply brief, and generally, arguments are waived if they are first raised in a reply brief.  See, e.g., Manon v. Pons, 131 F. Supp. 3d 219, 238–39 ("[T]he more standard rule is that 'arguments may not be made for the first time in a reply brief.'  This rule applies with equal force in the District Court.") (quoting Simpson v. City of N.Y., 793 F.3d 259, 264 (2d Cir. 2015)).

Finally, the Court emphasizes that by denying summary judgment for defendants on the minimum wage and overtime wage claims, the Court has not subjected defendants to "manifest injustice."  The denial of summary judgment merely permits these claims to proceed. Defendants are not foreclosed from making the same arguments at the appropriate time—for example, to a jury at trial, or to the Court in a Rule 50 motion for judgment as a matter of law.

B.     Breach of Contract Claim

Even assuming plaintiff's version of the terms of the Oral Agreement is correct, which defendants did assume arguendo in their motion for summary judgment, there are still genuine disputes of material fact as to whether the breach of contract claim is time-barred.

Accepting plaintiff's version of events, the parties agree defendants were to compensate plaintiff upon the completion of Karin Falencki's probate process.  However, this does not establish plaintiff's breach of contract claim is time-barred by the six-year statute of limitations. There are still genuine factual disputes as to when Karin Falencki's probate was completed and whether plaintiff was aware that it was completed—which are relevant to the statute of limitations.  Indeed, when defendant Falencki was asked at her 2021 deposition when the "probate process concluded," she testified:  "I don't remember exactly.  But I think that the final tax return for that process would have been in 2019 at some point. . . .  I might be mistaken, but not that long ago."  (Falencki Dep. Tr. at 203:3–9).  And plaintiff testified he believed Falencki would inform him when the probate was completed; Falencki testified she did not inform plaintiff when this occurred.

Accordingly, even assuming plaintiff's interpretation of the Oral Agreement is correct, the genuine factual dispute regarding when the probate was actually completed—which is partly based on Falencki's own testimony—precludes summary judgment.

C.     Retaliation Claim

Defendants' disagreement with the Court's conclusion about the content of the parties' May 2019 email exchange does not support a grant of reconsideration.  Defendants assert the emails "show[] that, as of May 9, 2019, Falencki had decided that she (i) no longer wanted Frost to provide any services to Lentex (as that was no longer an option in her May 9 email)," and thus

6

the Court cannot find causation based on temporal proximity.  (Defs. Reconsideration Mem. at 7).

The Court agrees that employers "proceeding along lines previously contemplated, though not definitively determined, is no evidence whatever of causality" for retaliation purposes.  Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 272 (2001).  Nevertheless, as the Second Circuit has sensibly clarified, "an employer cannot insulate itself from liability at the summary judgment stage simply by asserting that an adverse employment decision had in fact already been made, without being memorialized or conveyed to anyone, before the employer learned of the protected conduct."  Nagle v. Marron, 663 F.3d 100, 110 (2d Cir. 2011) (emphasis added).

Here, defendants' characterization of the emails is not supported by their text, as Falencki never mentioned terminating plaintiff's services.  For example, in Falencki's initial email, she said:  "I think you should let me know how you would like to proceed.  For example-  Start Paying rent.  Buy the house and property where you currently live.  Have greater responsibility with regard to the upkeep of the Lentex property.  Other ideas welcome."  (Doc. #93-7).  On May 9, 2019, after plaintiff had responded, Falencki further wrote:  "Unfortunately your letter has led me to rethink my offer" and "Let Jeff Rothschild know by June 15 if you would like to- Buy the Lentex property you live in.  Rent the Lentex property you live in.  Leave the Lentex property you live in."  (Id.).

In these emails, Falencki principally discusses a change in plaintiff's living arrangements. They do not conclusively memorialize Falencki's effectuating or contemplating a change to plaintiff's working relationship with defendants.  Thus, the emails are insufficient to insulate

7

defendants from liability at the summary judgment stage, and it was not improper for the Court to find causation based on temporal proximity.

## CONCLUSION

The motion for reconsideration is DENIED.

Counsel are reminded that the Court will conduct a case management conference on January 27, 2023, at 2:30 p.m., in Courtroom 620 at the White Plains courthouse.

The Clerk is directed to terminate the motion.  (Doc. #118).

Dated: January 24, 2023
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

8